UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA (MOBILE)

| | |
|---|---|
| JAMES EDWARD NOEL, ) | CIVIL ACTION NO. 1:19-CV-00694 |
| Plaintiff, ) | |
| VERSUS ) | |
| BP EXPLORATION & PRODUCTION, ) INC. AND BP AMERICA PRODUCTION ) COMPANY ) | |
| Defendants. ) | |
| Related to: 12-968 BELO ) in MDL No. 2179 ) | |

## THIRD AMENDED BELO COMPLAINT

COMES NOW, Plaintiff, JAMES EDWARD NOEL, by and through the undersigned counsel, hereby brings this cause of action against BP Exploration & Production, Inc. ("BP Exploration") and BP America Production Company ("BP America") and hereby states as follows:

### INTRODUCTION

1. Plaintiff is a Natural Person of the age of majority, and a citizen and resident of Theodore in Mobile County, AL and a Cleanup Worker as defined by the Medical Settlement Agreement ("MSA").[1]

2. Pursuant to the terms of the MSA, Defendants herein are BP EXPLORATION & PRODUCTION, INC., and BP AMERICA PRODUCTION COMPANY (collectively "BP Defendants"). BP Defendants are both incorporated in Delaware with the principal place of business in Houston, Texas.

---

[1] Deepwater Horizon *Medical Benefits Class Action Settlement Agreement, as Amended on May 1, 2012*, MDL 2179, Rec. Doc. 6427-1 (May 3, 2012), § II.Q.

1

## JURISDICTION

3. This is a Back-End Litigation Option lawsuit ("BELO") for Later Manifested Physical Conditions ("LMPC") filed pursuant to the terms and requirements of the MSA.

4. This Court has jurisdiction over this matter pursuant to 28, U.S.C. § 1332, because all of the parties are diverse in citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Additionally, this Court has Jurisdiction based on Federal Question under 28 U.S.C. §1331, in that Article III, Section 2 of the United States Constitution empowers the federal judiciary to hear "all cases of admiralty and maritime jurisdiction".

6. This Court also has jurisdiction pursuant to 28 U.S.C. §1333; as well as the Admiralty Extension Act, 46 U.S.C. § 30101, which extends the admiralty and maritime jurisdiction of the United States to "cases of injury or damage, to person or property, caused by a vessel on navigable waters, even though the injury or damage is done or consummated on land."

7. The Eastern District of Louisiana has and retains jurisdiction pursuant to the MSA and approval order thereon. "[T]he [c]ourt retains continuing and exclusive jurisdiction over the Parties, the Medical Benefits Settlement Class Members and this Medical Benefits Class` Action Settlement Agreement, to interpret, implement, administer and enforce the Medical Benefits Class Action Settlement Agreement in accordance with its terms." (MDL Rec. Doc. No. 8218 (approval order), MDL Rec. Doc. No. 6427-1 (MSA § XXVII); see also, MDL Rec. Doc. No. 14099 (BELO CMO)).

8. The MSA in MDL 2179 requires all such BELO actions to be initially filed in the Eastern District of Louisiana. The MSA, however, also provides that a BELO action may be later transferred to another district court if venue is more appropriate there. MSA, § VIII.G.1.c.

9. BP Defendants are both corporate citizens of Delaware, with their principal place of business in Houston, Texas, and are not citizens of the state in which the Plaintiff currently resides.

10. Plaintiff has complied with all requirements for timeliness and seeks to recover for all damages allowable under the MSA for LMPCs suffered as a result of the *Deepwater Horizon Oil Spill* ("Oil Spill").

11. The Southern District of Alabama is the most appropriate venue. On May 6, 2019. Plaintiff filed a Complaint (Case No. 19-10101) ("Initial Complaint"), in the Eastern District of Louisiana for the condition of Chronic Sinusitis in accordance with the MSA. Based on factors outlined in 28 U.S.C §1404 the parties stipulated that the Southern District of Alabama was the proper venue for this cause to be heard in accordance with CMO. All injuries from the instant case arise out of the same transaction or occurrence as those listed in the Initial Complaint. Additionally, Plaintiff currently resides in the Southern District of Alabama and for all times relevant to his exposure, he worked in Mobile AL located in the same district. Considering the relative ease of access to sources of proof, the ability to secure attendance of witnesses, and the ability to minimize costs of witnesses the appropriate venue for this cause of action is Southern District of Alabama.

**GENERAL FACTS**

12. The BP Oil Spill occurred with the blowout of the Macondo Well which was drilled by the Deepwater Horizon Rig (DHR) on the outer continental shelf in the Gulf of Mexico, approximately 130 miles southeast of New Orleans, Louisiana.

13. The explosions and fire on board the DHR occurred on or about April 20, 2010.

14. Crude oil and other hydrocarbons were released following the explosion that contained benzene and other volatile organic compounds such as ethylbenzene, toluene, xylene and naphthalene, polycyclic aromatic hydrocarbons ("PAHs"), diesel fumes and heavy metals such as aluminum, cadmium, nickel, lead, and zinc.

15. Crude oil, specifically, contains chemicals such as benzene, PAHs, and many other chemicals that are toxic, and move from the oil into the air. Once airborne, these chemicals, with pungent petroleum like odors, can blow over the ocean for miles, reaching communities far from the location of the Oil Spill.

16. Subsequently, response activities were performed by clean-up workers under the direction of Unified Command.

17. As part of the response activities, BP Defendants purchased highly noxious chemical dispersants from Nalco and/or its subsidiaries which were sprayed over large areas that contained oil. These dispersants include Corexit® EC9500A and Corexit® EC9527A (collectively referred to as "Dispersants").

18. The Material Safety Data Sheet ("Data Sheet")[2] for Corexit EC9500 indicates that it contains hazardous substances; it is harmful to human health; and that dermal exposure, inhalation, and ingestion should be avoided. The Data Sheet further states that Corexit® EC9500 is an eye and skin irritant, and may irritate the respiratory tract if inhaled. If ingested, it may cause chemical pneumonia.

19. The Data Sheet for Corexit® EC9527A also indicates that it contains hazardous substances; it is harmful to human health; and that dermal exposure, inhalation, and ingestion should be avoided. The Data Sheet further states that Corexit® EC9527A is an eye and skin irritant; and if inhaled, may irritate the respiratory tract. If ingested, it may cause liver and kidney effects and/or damage or irritate the gastrointestinal tract. Acute exposure may cause adverse central nervous system effects, nausea, vomiting, and anesthetic or narcotic effects.

---

[2] A form that sets forth the properties of a particular substance, including its toxicity and health effects.

20. In addition, Corexit® EC9527A contains 2-butoxyethanol ("EGBE"). Repeated or excessive exposure to EGBE may cause injury to red blood cells, the kidneys, and the liver. EGBE may be carcinogenic to humans. It is an eye, nose, and throat irritant. It can cause nausea, vomiting, diarrhea, and abdominal pain. Exposure to EGBE can also cause headaches, dizziness, lightheadedness, and unconsciousness. Exposure to EGBE can damage a developing fetus, and chronic exposure may result in damage to the male and female reproductive systems in animals.

21. Both Dispersants also contain non-specified organic sulfonic acid salt, which is "moderately toxic," as well as propylene glycol, a chemical with solvent properties. Propylene glycol is a mild irritant, and exposure to high levels of propylene glycol and mists containing this chemical can cause eye, nose, throat, and lung irritation. Some individuals are allergic to propylene glycol and those with eczema may be at higher risk. Exposure may cause erythema, edema, induration, and other skin problems.

22. Plaintiff incorporates by reference and adopts as if set forth herein the Medical Class Action Complaint previously filed in *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010* in the U.S. District Court for the Eastern District of Louisiana, as of April 16, 2012, in Civil Action No. 12-cv-968.[3]

## CAUSE OF ACTION

23. During all relevant times, Plaintiff was a Clean-up Worker from approximately May 15, 2010 to August 4, 2010. Plaintiff was employed under the vessel of opportunity program by Danos and Curole LLC , J & W Marine Enterprises Inc and self-employed.

---

[3] *Medical Class Action Complaint*, No. 12-cv-968, Rec. Doc. 1.

24. Plaintiff submitted a claim for a Specified Physical Condition (SPC0018987) and was approved as a Class Member[4], receiving an A1 level determination for a condition not being claimed in this BELO Complaint.

25. Plaintiff performed Response Activities, as defined by the MSA.[5] As a Response Worker, Plaintiff performed oil spotting, boom watch, boom transportation, and vessel of opportunity work. As a Cleanup Worker, Plaintiff was exposed through inhalation, airborne and direct contact to oil, dispersants, and other harmful chemicals. Plaintiff was exposed to the oil, dispersants, and other harmful chemicals throughout the duration of his time as a Cleanup Worker as a result of the Oil Spill.

26. On more than one occasion, Plaintiff was also exposed to oil, Dispersants, and harmful chemicals when his eyes, nose, mouth, and skin were exposed by the lack of proper protective gear.

27. After his exposure to the oil, dispersants, and other harmful chemicals, Plaintiff suffered permanent injuries and was first diagnosed with Chronic Sinusitis on October 17, 2016.

28. On or about October 5, 2018, Plaintiff was issued a valid Notice of Intent to Sue (LMPC 0186507).[6]

29. On or about November 9, 2018, Plaintiff received BP Defendants' Notice of Election *Not To Mediate*.

30. Plaintiff's permanent injuries and LMPCs were legally and proximately caused by exposure to oil, dispersants and other harmful chemicals from the Oil Spill.

31. BP Defendants are therefore liable under state and federal law and in accordance with the terms of the MSA.

---

[4] *MSA*, § II.EEE.
[5] *MSA*, § II.OOOO.
[6] *MSA*, § VIII.A.

32. Plaintiff, JAMES EDWARD NOEL, itemizes his damages as follows:

    a. Pain and suffering;
    b. Mental anguish;
    c. Medical expenses;
    d. Scarring and Disfigurement;
    e. Lost earnings;
    f. Loss of earning capacity;
    g. Maintenance and cure;
    h. Other economic loss;
    i. Loss of enjoyment of life; and
    j. Fear of future medical issues.

Moreover, Plaintiff seeks any and all damages or relief that this Honorable Court deems just and proper.

33. Plaintiff requests a trial by jury.

WHEREFORE, Plaintiff prays that the Defendants be duly cited to appear and answer this Complaint and that this Honorable Court grant Plaintiff relief to which he is entitled to under the law and against BP Defendants, including court costs and compensatory damages.

Respectfully Submitted,

THE DOWNS LAW GROUP, P.A.
3250 Mary Street, Suite 307
Coconut Grove, Florida 33133
(305) 444-8226 Telephone

By: */s/ Jason M. Larey*
Jason M. Larey, Esq.
Florida Bar No.: 1019237
Email: jlarey@downslawgroup.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct going of the foregoing instrument was filed with the Clerk of Court by using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the Court's electronic filing system.

Dated this 9th day of August 2021

*/s/ Jason M. Larey*
Jason M. Larey, Esq.